DUNCAN, Circuit Judge,
dissenting from the judgment.
I am in full agreement with the majority’s conclusion that Mr. Davis deserves to be compensated for the services he indisputably provided A & E Television Networks. Davis’s position is made all the more sympathetic by the fact that A & E bears significant responsibility for the failure to reduce a contract memorializing its understanding to writing.
Moreover, it certainly appears that Davis had viable claims. He could have brought an action in quantum meruit. As the majority recognizes, Davis also asserted acceptance by conduct, on which the district court, inexplicably, declined to instruct. Unfortunately, however, the jury was not asked to find facts undergirding either such theory.
We are thus left with the contention that Nordlander’s statement, “Okay, okay, I get it,” J.A. at 258, constitutes “clear, unambiguous and unequivocal” acceptance, IBM Corp. v. Johnson, 629 F.Supp.2d 321, 330 (S.D.N.Y.2009), which is simply not the law. The majority’s reliance on Johnson for its conclusion that “if [Davis] reasonably or plausibly understood Nordlander’s equivocal statement as acceptance, then a contract was formed,” (Maj. Op. at 211) runs contrary to the basic legal principles underlying contract formation. Contracts require mutual assent, and a unilateral understanding, by definition, cannot meet that requirement.
Because I do not believe a reasonable person would interpret “Okay, okay, I get it,” alone as acceptance, or indeed as any *222 thing other than “I understand what you are saying,” I must respectfully dissent.